# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs June 19, 2012

## GERRY HOOVER v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Coffee County**
**No. 37346    Charles Lee, Judge**

---

**No.  M2011-02413-CCA-R3-PC - Filed October 10, 2012**

---

Petitioner, Gerry Hoover, was convicted by a Coffee County jury of three counts of rape of a child.  He was sentenced to an effective sentence of forty-eight years.  Petitioner's convictions and sentence were affirmed on appeal.  *See State v. Gerry Hoover*, No. M2007-01595-CCA-R3-CD, 2008 WL 768928, at *1 (Tenn. Crim. App., at Nashville, Mar. 25, 2008), *perm. app. denied* (Tenn. Sept. 29, 2008).  Petitioner subsequently sought post-conviction relief on the basis of ineffective assistance of counsel.  After a hearing, the post-conviction court denied relief.  Petitioner appeals.  Upon review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed**

J. S. "STEVE" DANIEL, SP. J., delivered the opinion of the court, in which JOSEPH M TIPTON, P.J., and JOHN EVERETT WILLIAMS, JJ. , joined.

John H. Norton, III, Shelbyville, Tennessee, for the appellant, Gerry Hoover.

Robert E. Cooper, Jr., Attorney General and Reporter; Leslie E. Price, Assistant Attorney General; C. Michael "Mickey" Layne, District Attorney General; and Jason M. Ponder, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

## *Factual Background*

The underlying facts of the case are not necessarily crucial to our review of the issues herein and were summarized in detail by this court on direct appeal. *See Gerry Hoover*, 2008 WL 768928, at *1-3. Suffice it to say, the record reflects that Petitioner was found guilty by a Coffee County jury of three counts of rape of a child for incidents involving his nine-year-old stepdaughter. *Id.* As a result, he was sentenced to forty-eight years in incarceration. Petitioner's convictions and sentence were affirmed on direct appeal.

Petitioner subsequently filed a petition for post-conviction relief alleging various claims of ineffective assistance of counsel. Counsel was appointed to represent Petitioner and a hearing was held on the petition. At the hearing on the petition the sole basis of ineffective assistance of counsel advanced was a claim that counsel was ineffective in failing to seek the severance of the three courts of the indictment and to have separate trials for each count.

At the hearing, trial counsel testified that he had been licensed to practice law since 1972 and worked in private practice prior to starting a job at the public defender's office in 1989. Trial counsel recalled that Petitioner was originally charged with four separate offenses. Trial counsel was successful in getting one of the charges dismissed upon filing a bill of particulars. The three remaining offenses occurred on three different dates in three different locations. Trial counsel testified that he contemplated filing a motion to sever the offenses for trial but determined that it was not a good idea. Trial counsel stated this was a strategic decision. During investigation of the case, trial counsel learned that Petitioner had slapped the victim shortly before she made the allegations contained in the indictment. Trial counsel commented that "even though [the events were] on different days reasonably close in time," the evidence about the slapping incident would probably not come out in three separate trials but would be admissible in a single trial of all the charges with the result being that it could appear that the victim was retaliating against Petitioner.

Trial counsel also worried about Petitioner's ability to withstand multiple trials and cross-examinations. He explained that Petitioner had a hard time understanding some simple concepts and that he did not think that Petitioner would understand the severance issue. However, trial counsel discussed the facts of the three separate incidents with Petitioner. Trial counsel also worried that greater exposure would lead to a greater total sentence for Petitioner. Trial counsel aspired to get concurrent sentences by trying the cases together.

Assistant trial counsel agreed with trial counsel in his assessment that it was more beneficial to try the cases together, especially given the defense of retaliation. Assistant trial counsel stated that cross-examination of the victim as to discrepancies in her allegations would be limited if the cases were severed. Therefore, assistant trial counsel determined that presenting all the information in the same trial presented a stronger defense.

The post-conviction court denied relief, finding that while Petitioner raised numerous allegations in his petition for post-conviction relief, the argument at the hearing was limited to whether trial counsel was ineffective for failing to sever the offenses for trial. The post-conviction court accredited the testimony of trial counsel that "his defense strategy consisted of trying to discredit the victims and to show that they had a motive for lying" and to "limit the exposure of his client to one trial." The post-conviction court found trial counsel's explanations for his unwillingness to seek a severance part of trial strategy that was "both rational and logical." As a result, the post-conviction court denied the petition for post-conviction relief.

*Analysis*

Initially, we note that the State argues that Petitioner's appeal is not properly before this court. The State observed that the petition was denied on November 30, 2009. Petitioner filed a pro se notice of appeal on December 15, 2009, while still represented by counsel. Petitioner then sought the court's approval to proceed pro se on appeal. This motion was denied on March 30, 2010, and counsel was ordered to continue to represent Petitioner. On October 20, 2011, Petitioner filed, through counsel, a motion to seek a delayed appeal. No order disposing of this motion is included in the record on appeal. On November 10, 2011, Petitioner filed a notice of appeal. The State insists that Petitioner has no right to a delayed appeal in a post-conviction matter and that the notice of appeal filed by Petition's counsel was untimely. The State asks this court to refrain from waiving the timeliness of the notice of appeal. We note that the State has not argued that the Petitioner's pro se notice of appeal was a nullity.

Generally, "the notice of appeal required by Rule 3 shall be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from." Tenn. R. App. P. 4(a). Clearly, Petitioner's counsel's notice of appeal was filed beyond the thirty-day time limit. A delayed appeal may be granted when a petitioner "was denied the right to an appeal from the *original* conviction in violation of the Constitution of the United States or the Constitution of Tennessee." T.C.A. § 40-30-113(a) (emphasis added). However, "this court [has] addressed delayed appeals in the post-conviction context and determined that there is no entitlement to a delayed appeal from the denial of a petition for post-conviction relief." *Billy G. Debow, Sr. v. State*, No. M2008-00580-CCA-R3-PC, 2009 WL 605091, at *4 (Tenn. Crim. App. at Nashville, Mar. 10, 2009); *see also Stokes v. State*, 146

S.W.3d 56, 59 (Tenn. 2004); *Timothy A. Baxter v. State*, No. W2006-01667-CCA-R3-PC, 2007 WL 2822905, at \*2 (Tenn. Crim. App. at Jackson, Sept. 26, 2007).

However, despite the State's rather persuasive argument, we note that "in all criminal cases the 'notice of appeal' document is not jurisdictional and the filing of such document may be waived in the interest of justice." Tenn. R. App. P. 4(a). "In determining whether waiver is appropriate, this [c]ourt will consider the nature of the issues presented for review, the reasons for and the length of the delay in seeking relief, and any other relevant factors presented in the particular case." *State v. Markettus L. Broyld*, No. M2005-00299-CCA-R3-CO, 2005 WL 3543415, at \*1 (Tenn. Crim. App. at Nashville, Dec. 27, 2005). Here, the Petitioner filed a pro se notice of appeal at a time when he was still represented by counsel that would be timely, if such a filing was appropriate. We do not reach or address the appropriateness of the pro se filing of the notice of appeal in this case but we conclude that waiver is appropriate in this case; therefore, we will address Petitioner's claim.

The post-conviction court's findings of fact are conclusive on appeal unless the evidence preponderates otherwise. *See State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). During our review of the issues raised, we will afford those findings of fact the weight of a jury verdict, and this court is bound by the post-conviction court's findings unless the evidence in the record preponderates against those findings. *See Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997); *Alley v. State*, 958 S.W.2d 138, 147 (Tenn. Crim. App. 1997). This court may not reweigh or re-evaluate the evidence, nor substitute its inferences for those drawn by the post-conviction court. *See State v. Honeycutt*, 54 S.W.3d 762, 767 (Tenn. 2001). However, the post-conviction court's conclusions of law are reviewed under a purely de novo standard with no presumption of correctness. *See Shields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001).

*Ineffective Assistance of Counsel*

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, the petitioner bears the burden of showing that (a) the services rendered by trial counsel were deficient and (b) that the deficient performance was prejudicial. *See Powers v. State*, 942 S.W.2d 551, 558 (Tenn. Crim. App. 1996). In order to demonstrate deficient performance, the petitioner must show that the services rendered or the advice given was below "the range of competence demanded of attorneys in criminal cases." *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). In order to demonstrate prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984). "Because a petitioner must establish both prongs of the test to prevail on a claim of ineffective assistance of counsel, failure to prove either deficient performance or resulting

prejudice provides a sufficient basis to deny relief on the claim." *Henley v. State*, 960 S.W.2d 572, 580 (Tenn. 1997).

As noted above, this court will afford the post-conviction court's factual findings a presumption of correctness, rendering them conclusive on appeal unless the record preponderates against the court's findings. *See id.* at 578. However, our supreme court has "determined that the issues of deficient performance by counsel and possible prejudice to the defense are mixed questions of law and fact . . . ; thus, [appellate] review of [these issues] is de novo" with no presumption of correctness. *Burns*, 6 S.W.3d at 461. Furthermore, on claims of ineffective assistance of counsel, the petitioner is not entitled to the benefit of hindsight. *See Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. 1994). This court may not second-guess a reasonably based trial strategy, and we cannot grant relief based on a sound, but unsuccessful, tactical decision made during the course of the proceedings. *See id.* However, such deference to the tactical decisions of counsel applies only if counsel makes those decisions after adequate preparation for the case. *See Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

Petitioner insists that trial counsel was ineffective for failing to seek a severance of the offenses. The overwhelming evidence at the post-conviction hearing showed that the determination of trial counsel to not seek a severance was a strategic decision made after careful reasoning. Trial counsel and assistant trial counsel each testified as to the benefits of a joint trial. The post-conviction court accredited the testimony of trial counsel. Again, we may not second-guess a reasonably based trial strategy. *See Adkins*, 911 S.W.2d at 347. Petitioner is not entitled to relief on this issue.

*Conclusion*

For the foregoing reasons, the judgment of the post-conviction court is affirmed.

_____
J.S. "STEVE" DANIEL, SPECIAL JUDGE